Kevin P. Rooney, #107554
Of Counsel, HAMMERSCHMIDT LAW CORPORATION
2445 Capitol Street, Suite 215
Fresno, CA 93721
Tel: (559) 233-5333
Fax: (559) 233-4333
Attorney for Defendant, DALE WESLEY HUBBARD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DALE WESLEY HUBBARD,<br><br>Defendant. | Case No. 1:22-cr-00306-JLT-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>Date: May 20, 2024<br>Time: 9:00 AM<br>Court: Hon. Jennifer L. Thurston |

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a change of plea on May 20, 2024.

2. By this stipulation, defendant now moves to continue the change of plea hearing to June 17, 2024 before the Honorable Jennifer L. Thurston, and to exclude time between May 20, 2024, and June 17, 2024, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government asserts the discovery associated with this case includes reports, photographs, and recordings; initial discovery has been provided to defense counsel and the government anticipates significant additional discovery will be produced. The government is aware of its ongoing discovery obligations.

///

///

b) Counsel for defendant desires time to finalize plea discussions with his client and has accounted for scheduling conflicts to reach the proposed date. The parties need additional time to come to an agreement on certain details of a potential plea agreement. Defense requests time for further evaluation, negotiation and investigation to be in a position for the defendant to either enter a guilty plea or set the case for trial.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 20, 2024 to June 17, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

**[Remainder of page intentionally left blank.]**

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

PHILLIP A. TALBERT
United States Attorney

Dated:  May 15, 2024         /s/ ARIN HEINZ
ARIN HEINZ
Assistant United States Attorney

Dated: May 15, 2024         /s/ KEVIN P. ROONEY
KEVIN P. ROONEY
Counsel for Defendant
DALE WESLEY HUBBARD

**FINDINGS AND ORDER**

IT IS SO FOUND.

IT IS SO ORDERED.

Dated:   **May 15, 2024**

UNITED STATES DISTRICT JUDGE